UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Mattress Discounters Group, LLC

    v.                                    Civil No. 10-cv-431-JL

Maximum Investment LLC and Ken
Hapgood


**REPORT AND RECOMMENDATION**

Before me for a report and recommendation are a motion for default judgment and a motion for a permanent injunction, both filed by Mattress Discounters Group, LLC ("Mattress Discounters"). After conducting a hearing, the court ordered supplemental briefing on two issues. That briefing has now been submitted. Based on the hearing, and the supplemental briefing, I recommend that both motions be granted, to the extent specified below.

**Motion for Default Judgment**

Default was entered against defendants on March 23, 2011, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. I now recommend entry of default judgment, pursuant to Rule 55(b). Regarding the amount of damages, I am satisfied that Mattress Discounters is entitled to treble damages under N.H.

Rev. Stat. Ann. § 358-A:10. The complaint contains adequate factual allegations to establish that defendants' actions were knowing and willful. And the allegation that defendants actually registered Mattress Discounters' trademark as a trade name with the New Hampshire Secretary of State adds a level of egregiousness sufficient to warrant an upgrade from double to treble damages. Thus, I recommend that Mattress Discounters be awarded statutory damages under the New Hampshire Consumer Protection in the amount of $1,000, trebled, for a total of $3,000.

I next turn to Mattress Discounters' request for attorneys' fees. When determining the amount of an award of attorneys' fees, "[n]ormally, a district court begins with a lodestar analysis." De Jesús Nazario v. Morris Rodríguez, 554 F.3d 196, 207 (1st Cir. 2009).

> The "lodestar method" of calculating attorneys' fees awards requires the district judge to multiply the number of hours productively expended by counsel by a reasonable hourly rate. See De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009). The resulting amount is presumptively reasonable, Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992), although the district court enjoys some discretion to adjust the lodestar amount upwards or downwards, see De Jesus Nazario, 554 F.3d at 207.

Burke v. McDonald, 572 F.3d 51, 56 (1st Cir. 2009). "When the district court arrives at the lodestar and completes its

consideration of possible adjustments, it ought to provide a 'concise but clear' explanation of its calculation of the resultant fee award." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 337 (1st Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

"The party claiming attorneys' fees bears the burden of proving the reasonableness of the hours it claims." Burke, 572 F.3d at 63 (1st Cir. 2009) (citation omitted). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case." De Jesús Nazario, 554 F.3d at 207 (citation omitted). Here, I can discern no basis for adjusting the number of hours Mattress Discounters claims; a total of 25.85 hours to draft and serve a complaint, prepare a demand letter, negotiate and draft a (fruitless) settlement agreement, and move for default seems appropriate. In sum, Mattress Discounters has carried its burden of demonstrating the reasonableness of the hours it claims.

Turning to the second part of the lodestar, "[r]easonable hourly rates will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria." United States v. One Star Class

Sloop Sailboat Built in 1930 With Hull Number 721, Named "Flash II", 546 F.3d 26, 38 (1st Cir. 2008) (citing Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19-20 (1st Cir. 1988)).  A reasonable hourly rate is to be determined "'according to the prevailing market rates in the relevant community,' that is 'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 955 (1st Cir. 1984) (quoting Blum v. Stenson, 465 U.S. 886, 895 & n.11 (1984)).  "[T]he court may take guidance from, but is not bound by, an attorney's standard billing rate."  Gay Officers, 247 F.3d at 296 (citing Brewster v. Dukakis, 3 F.3d 488, 492-93 (1st Cir. 1993)).  I find the hourly rates used to calculate the lodestar in this case to be adequately supported by the affidavit of Attorney Stephen Finch, which demonstrates that the rates charged in this case are, if anything, toward the lower end of the spectrum for rates charged by attorneys with similar skill and experience.

    Because it appears to me that plaintiffs' attorneys have expended a reasonable number of hours, and have billed for those

hours at a reasonable rate, I recommend that Mattress Discounters be awarded attorneys' fees in the amount of $5,870.

**Motion for Permanent Injunction**

Mattress Discounters further moves for a permanent injunction. Because several of the causes of action on which Mattress Discounters has prevailed provide for injunctive relief, Mattress Discounters is entitled to the relief it seeks. Accordingly, I recommend that defendants be permanently enjoined from:

(1) implying a false designation of origin or a false description or representation with respect to Mattress Discounters' marks;

(2) passing off or inducing or enabling others to sell or pass off goods and/or services that are not those of Mattress Discounters;

(3) using in any manner any packaging labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the retail mattress services that bear the MATTRESS DISCOUNTERS marks, and/or any other mark, word, design, or name that is confusingly similar to Mattress Discounters' marks;

(4) making any statements on promotional materials or advertising for defendants' goods and/or services that are false or misleading as to source or origin; and

(5) seeking to register any mark confusingly similar to Mattress Discounters' trademarks.

I further recommend that the court order defendants to:

    (1)    take steps to cancel the registration of Maximum Investment, LLC's trade name "Mattress Discounters;" and

    (2)    deliver to Mattress Discounters any and all containers, signs, packaging materials printing plates, and advertising or promotional materials, and any materials used in the preparation thereof, which in any way unlawfully use or make reference to Mattress Discounters' mark in connection with retail mattress services.

With regard to cancellation of the trade name registration, Mattress Discounters asks the court to order the New Hampshire Secretary of State to take that step, but it is defendants, rather than the New Hampshire Secretary of State, over which this court has jurisdiction.

## Conclusion

For the reasons given, I recommend that Mattress Discounters' motion for a permanent injunction, document no. 15, be granted to the extent described above.  I further recommend that Mattress Discounters' motion for default judgment, doc. no. 14, be granted, and that plaintiff be awarded $3,000 in damages, $5,870 in attorneys' fees, and $493 in costs.

Any objection to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the

right to appeal the district court's order. See <u>Unauth. Pract. of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

    SO ORDERED.

                                        _____
                                        Landya McCafferty
                                        United States Magistrate Judge

October 19, 2011

cc: Scott A. Daniels, Esq.